ERDMANN, Judge
(concurring in part and dissenting in part):
I agree with the majority that the United States Army Court of Criminal Appeals could *277 not direct a modification to the statement of the charges and specifications in the promulgating order. The promulgating order includes “the charges and specifications” and “the findings or other disposition of each charge and specification” as a reflection of “the result of trial.” Rule for Courts-Martial (R.C.M.) 1114(a)(1), (c)(1). Changing the statement of the charges and specifications, as the Court of Criminal Appeals directed, causes that promulgating order to be inaccurate since it no longer reflects what actually happened at trial. If the lower court wants to make some amendment to the findings of a court-martial, the proper course is to disapprove the findings or some portion of the findings and issue a supplemental order reflecting that action.
I depart, however, from the majority to the extent that it suggests that the descriptions of the offenses in these cases by the staff judge advocates (SJAs) were adequate to support a presumption that the convening authorities implicitly approved all aspects of the findings. A presumption arises because certain foundational facts are known or proven. See Virginia v. Black, 538 U.S. 343, 395, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003) (“A presumption is a rule of law that compels the fact finder to draw a certain conclusion or a certain inference from a given set of facts.”). The foundational facts for a presumption that the convening authority implicitly approved findings can come only from one of two documents. One of those documents is the R.C.M. 1101(a) report of the results of trial. In these cases, however, we do not know whether the convening authorities ever saw the R.C.M. 1101(a) reports of the results of trial.
The other document is the R.C.M. 1106 post-trial recommendation of the SJA. In these cases, the SJA recommendations are the only documents we can conclude were before the convening authorities at action. Thus, any presumption of what findings were implicitly approved must have its origin in the SJAs’ “concise information as to ... [t]he findings ... adjudged by the court-martial.” R.C.M. 1106(d)(3)(A). “[T]he more compelling evidence of those [findings] that implicitly were approved by the convening authority in his action are those of which he must be made aware as a matter of law—those in the recommendation.” United States v. Diaz, 40 M.J. 335, 342 (C.M.A.1994).
A convening authority cannot implicitly approve matters of which he was not aware. In these eases the convening authorities were not made aware of the “special pay” sentence aggravator in Alexander’s ease or the fact that Vanderschaafs drug offenses were committed on “divers occasions”. It therefore cannot be presumed that those findings were implicitly approved.
In Diaz, this court concluded that implied approval of the findings was a necessary implication resulting from the fact that, although the Military Justice Act of 1983, Pub.L. No. 98,209, 97 Stat. 1393, removed the requirement for a convening authority to specifically act on findings, “Congress did not modify in any respect Article 66, which addresses appellate review by a Court of [Criminal Appeals].” 40 M.J. at 340-41. The Courts of Criminal Appeals “act only with respect to the findings and sentence as approved by the convening authority.” Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2000). Thus, Diaz concluded that implicit approval of findings was “necessary in order to make sense of the statutory predicate for the appellate authority of the Court of [Criminal Appeals] under Article 66(c).” 40 M.J. at 341. The holding and logic of Diaz remains intact. Congress has not amended Article 66(c), UCMJ, to modify the requirement that the Courts of Criminal Appeals review “findings ... as approved by the convening authority.” A presumption that a convening authority implicitly approved findings is necessary to establish what findings the Court of Criminal Appeals must review.
In these cases, the convening authorities were not informed of certain portions of the findings; it cannot be presumed that any rule of implicit approval runs to those portions of the findings; and the scope of the Court of Criminal Appeals’ review is uncertain. The Court of Criminal Appeals should have sought clarification by means of a new action or dismissed portions of the findings *278 before Article 66, UCMJ, review could be conducted. See Diaz, 40 M.J. at 345. The majority’s rule essentially permits “close enough” to determine the scope of review under Article 66(c), UCMJ. I cannot join in that conclusion.